**Michele Cherie Chapman MOORE, Appellant,**

v.

**Joyce PLOCK; State of Nebraska; York Penitentiary for Women; Dave Heineman, Governor of Nebraska; Robert Houston, Director of Dept. of Correctional Services; Ryan Mahr, Warden of Community Corrections Center of Omaha; Jamey Odell, R.N. Acting Adon of Attorney General's Office OCC, Appellees.**

No. 10–1250.

United States Court of Appeals, Eighth Circuit.

Submitted: May 27, 2010.

Filed: June 2, 2010.

Michele Cherie Chapman Moore, Omaha, NE, pro se.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Former Nebraska inmate Michele Moore appeals the district court's [1] preservice dismissal without prejudice of her 42 U.S.C. § 1983 complaint. After careful de novo review, *see Moore v. Sims,* 200 F.3d 1170, 1171 (8th Cir.2000) (per curiam), we agree with the district court that Moore's claims were barred by the Eleventh Amendment, *see Will v. Mich. Dep't of*

State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (because Eleventh Amendment immunizes states from suit, neither state nor its officials acting in their official capacity are "persons" under § 1983); *Monroe v. Ark. State Univ.,* 495 F.3d 591, 594 (8th Cir.2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Larson v. Kempker,* 414 F.3d 936, 939 n. 3 (8th Cir.2005) (Eleventh Amendment bars § 1983 lawsuit against state agency even if entity is moving force behind deprivation of federal right (citing *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985))); *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999) (unless pleading expressly and unambiguously states public official is sued in individual capacity, it will be assumed that defendant is sued only in official capacity).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

1. The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.